# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2022

Lyle W. Cayce
Clerk

No. 22-30298
Summary Calendar

Hannah Davis, also known as Hannah Callaway,

*Plaintiff—Appellant*,

*versus*

Jayson Richardson, individually ; in his official capacity; Chris Thomas, individually ; in his official capacity; Jeffery Henderson, individually ; in his official capacity,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-1330

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Hannah Davis, appeals the district court's summary judgment in favor of Defendants-Appellants, the sheriff and deputy

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30298

sheriffs of the DeSoto Parish Sheriff's Department, who have been sued in their individual and official capacities under 42 U.S.C. § 1983. For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

Deputies Christopher Thomas and Jeffery Henderson of the DeSoto Parish Sheriff's Department responded to a complaint of a parked car in the middle of a bridge on a public highway. The deputies found Plaintiff-Appellant, Hannah Davis, in the passenger seat of the vehicle with its motor running. Davis was asleep and naked from the waist down. Davis contends that the deputies' conduct after their arrival on the scene violated her constitutional rights. She sued the deputies, along with the DeSoto Parish Sheriff, Jayson Richardson, in their individual and official capacities, under 42 U.S.C. § 1983.

The summary judgment evidence established that the officers shook Davis to try to get her to identify herself. When this was unsuccessful, they did a sternum rub in the center of Davis's chest. After a second sternum rub, Davis finally responded to the officers and was able to communicate with slurred speech. The officers located Davis's pants and urged her to put them on. When she did not do so, they assisted her by lifting her up by her arms and pulling the pants over her legs.

When Davis refused to identify herself, the deputies asked her for permission to search her vehicle. Davis consented, and her consent was noted in a recording. A state trooper was called to conduct a field sobriety test. Davis was unable to complete the test, and she was placed under arrest and transported to the DeSoto Parish Jail.

The district court, in a thorough opinion, parsed through all of Davis's claims and granted summary judgment, dismissing Plaintiff's action. We

agree with the district court's analysis of the summary judgment evidence and its reasons for dismissing Plaintiff's claims which we summarize below.

## II. DISCUSSION

Davis asserts that deputies, acting under the color of state law, violated her constitutional rights when they discriminated against her, searched her car without a warrant, used the sternum rub while she was unresponsive, touched her nude body without consent, and conspired to deprive her of equal protection under the law.

"We review a summary judgment *de novo*, applying the same standards as the district court." *Wilson v. City of Bastrop*, 26 F.4th 709, 712 (5th Cir. 2022) (citation omitted). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available, though [w]e still draw all inferences in the plaintiff's favor." *Wilson*, 26 F.4th at 712 (alteration in original) (internal quotation marks and citation omitted).

### A. Violation of Equal Protection

We agree with the district court that Davis fails to allege or provide evidence that she was intentionally discriminated against or that similarly situated individuals were treated differently. The failure to present competent summary judgment evidence on these claims led the district court to correctly conclude that this cause of action was meritless.

### B. Excessive Force

Davis next contends that the deputies used excessive force and violated her Fourth and Fourteenth Amendment rights. The district court

correctly analyzed Plaintiff's claims under the Fourth Amendment because the claim that excessive force was used in the course of an arrest should properly be analyzed under the Fourth Amendment's "reasonableness" standard.

Davis cites two specific instances where she asserts the deputies used excessive force:  (1) when Deputy Thomas employed a sternum rub on her chest, as she laid unresponsive, and (2) when both deputies assisted Davis in dressing herself and simultaneously touched her exposed body.  Davis does not allege any unwanted touching occurred outside the context of the sternum rub or the momentary action by the deputies in pulling up her pants.

The Defendants assert, and we agree, that the sternum rub was an appropriate action under the circumstances which they were trained to use in their basic training.  Camera footage showed the deputies asking Davis multiple questions and attempting to provoke a response, but Davis remained unresponsive.  Deputy Thomas explained in deposition that a sternum rub was a maneuver that he learned to awake an unresponsive individual. Considering the totality of the circumstances, we agree with the district court that the degree of force Deputy Thomas used in this situation was neither clearly excessive nor unreasonable.

As for the unwanted touching, the video footage shows the deputies' attempting to find Davis's clothes, and then helping Davis cover her exposed body.  They lifted Davis by her arms and pulled Davis's pants over her legs, and this was done after repeated attempts to have Davis pull the pants up herself.

We agree with the district court that the deputies' actions were neither excessive nor objectively unreasonable. Consequently, we agree with the district court that the deputies are entitled to qualified immunity, and summary judgment was properly granted on this claim.

No. 22-30298

### C.  Illegal Search - Fourth Amendment

Davis contends that the warrantless search of her vehicle violated the Fourth Amendment.  The automobile exception allows law enforcement officers to search a vehicle without a warrant when they have probable cause to do so – that is when they believe the vehicle contains contraband or evidence of a crime.  Having seen a substantial quantity of alcohol in the vehicle, the officers clearly had probable cause to believe that Davis had committed the crime of driving while under the influence of alcohol.  In addition, Davis consented to the search.

### D.  *Monell* Liability

Davis also sued the DeSoto Parish Sheriff's Department and the Sheriff, Jayson Richardson, asserting *Monell*[1] liability because they maintained the policies that allegedly allowed the deputies to violate her constitutional rights.  As with Davis's other §1983 claims, she is unable to establish *Monell* liability because, among other reasons, she has not provided any evidence that the deputies violated her constitutional rights.  "[A] municipality cannot be liable '[i]f a person suffered no constitutional injury at the hands of the individual police officer.'"  *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (second alteration in original) (citation omitted).

As to Davis's claims against Richardson individually, Davis makes no specific allegations against Sheriff Richardson giving rise to a constitutional violation, so this claim was correctly dismissed.

---

[1] *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978).

No. 22-30298

### E.  State Law Claims

The district court also dismissed a number of state law claims alleging state law violations.  These included a claim for intentional infliction of emotional distress ("IIED") against the deputies and a claim against Sheriff Richardson as vicariously responsible for the acts of the deputies.  As to the IIED claim, the court found no evidence of outrageous conduct by the deputies required to establish this claim.  As to the claim against the sheriff predicated on his vicarious liability, we agree with the district court that Davis produced no summary judgment evidence demonstrating conduct by the deputies that would subject them to liability; consequently, there can be no vicarious liability imposed on the sheriff.

For these reasons and those outlined in the detailed, careful opinion of the district court, the judgment is AFFIRMED.